FILED

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA 2002 AUG 16 PM 1:19
OCALA DIVISION

CLERK, U.S. DISTRICT COURT
OCALA, FLORIDA

**WILLIAM R. FIELDS**
    **Plaintiff**

Case No: 5:02-CV-245-Rc-10GRT

vs.

**BRONSON & MIGLIACCIO, LLP,**
**CACV Inc. and L. PATRICK BERGMAN,**
**JOE WILLIAMS, RAY ANDERSON**
    **Defendants,**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the plaintiff William R. Fields, by and through his undersigned attorney and

states the following:

### COUNT 1

### BRONSON & MIGLIACCIO, LLP
### VIOLATION OF THE
### FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

1. This is an action for damages brought by an individual consumer for defendant's violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Section 1692 (FDCPA)

2. Jurisdiction of this court arises because the plaintiff at the time of the violation lived in Lake County, State of Florida, Middle District of Florida, and this court has jurisdiction under 15 U.S.C. Section 1692(k)(d), 18 U.S.C. Section 1337. This court has venue under 28 U.S.C. Section 1391 (b).

3. Bronson & Migliaccio LLP. (Bronson and Migliaccio),  is a debt collector within the meaning of the FDCPA.

4.  The debt attempted to be collected from plaintiff was for a consumer debt.

5. The subject of the alleged debts is primarily for personal, family, or household purposes and thus the plaintiff is a consumer within the meaning of the FDCPA.

6. Bronson & Migliaccio sent, or caused to be sent, form letter(s), copies of which are attached as Exhibits A, B, and C, to this complaint, and made a part hereof as if set out in full.

7. Exhibit C, violated FDCPA in the following particulars

a. Threatened an action which Bronson & Migliaccio did not intend to take.

8. The conduct of Bronson & Migliaccio in the attempted collection of this debt was harassing and abusive to the plaintiff.

9. Bronson & Migliaccio engaged in a pattern of unconscionable behavior in an attempt to collect the debt claimed to be owed by the plaintiff.

10. Bronson & Migliaccio called Mr. Fields business partners' father and disclosed the debt to the father, Apparently, Mr. Fields business partners fathers number was discovered by Bronson & Migliaccio. The caller referred to Mr. Fields as a "dead beat" to the father.

11. Neighbors of Mr. Fields were called, and left messages, that there was a family emergency and to advise Mr. Fields to have him call the number that was left. Mr. Fields recognized the number as being from Bronson & Migliaccio.

12. Bronson & Migliaccio called Mr. Fields prior to 8:00 a.m. in the morning.

13. Bronson & Migliaccio called  Mr. Fields after 9:00 p.m. in the evening.

14. Bronson & Migliaccio called Mr. Fields at times he advised Bronson & Migliaccio were inconvenient. Bronson & Migliaccio did this numerous times, despite being advised by Mr. Fields not to do so.

15. Mr. Fields was threatened by Bronson & Migliaccio with jail for stopping payment on a check.

16. Bronson & Migliaccio called Mr. Fields numerous times after being told not to.  This amounted to harassment and abusive conduct.

17. Bronson & Migliaccio threatened to take Mr. Fields to court.  This involved a threat to take action Bronson & Migliaccio had no intention of taking.

18. Bronson & Migliaccio misrepresented  the amount of the debt.

19. Bronson & Migliaccio advised Mr. Fields if he didn't pay the debt, he could go to jail.

20. Bronson & Migliaccio advised Mr. Fields they were collecting for CACV.Inc.

21. Bronson & Migliaccio attempted to collect interest, fees, charges, and or expenses over and above the original amount claimed to be owed.

22. Bronson & Migliaccio advised Mr. Fields that "they were going to take him for everything he had, and seventeen big ones".

23. Bronson & Migliaccio's attached form violates the FDCPA and/or the FCCPA by failing to properly display the validation of the debt notice.

24. Mr. Fields requested validation of the debt and Bronson & Migliaccio failed to provide it.

25. Bronson & Migliaccio's collection tactics succeeded in getting Mr. Fields to send a check to Bronson & Migliaccio. Bronson & Migliaccio used information on the check to make other unauthorized withdrawals from Mr. Fields's bank account.33

26. Bronson & Migliaccio is a law firm licensed to practice law in the state of New York.

27. Bronson & Migliaccio is not licensed to practice law in the state of Florida.

28. Bronson & Migliaccio is not licensed to collect debts in the state of Florida.

29. Mr. Fields has suffered monetary losses now, and in the future as a result of the conduct of Bronson & Migliaccio.

30. Mr. Fields has suffered emotional distress, anguish, anger, frustration, fear, loss of enjoyment of life, and concern, as a result of the actions of Bronson & Migliaccio.

31. Mr. Fields has retained the undersigned attorney and agreed to pay him reasonable attorney's fees.

32. Mr. Fields is entitled to costs.

33. Mr. Fields in entitled to statutory damages of $1,000.

Wherefore the plaintiff moves this Honorable Court for judgement for the amount of his actual damages, costs, attorney's fees, and statutory damages, and other such relief as justice may require, and demands trial by jury.

3

## COUNT 2
### BRONSON & MIGLIACCIO
### VIOLATION OF THE
### FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

1. This is an action for damages brought by an individual consumer for defendant's violation of the Florida Consumer Collections Practices Act, Chapter 559 (FCCPA).

2. Jurisdiction of this court arises because the plaintiff at the time of the violation lived in Lake County, State of Florida, Middle District of Florida, and this court has jurisdiction under 15 U.S.C. Section 1692(k)(d), 18 U.S.C. Section 1337. This court has venue under 28 U.S.C. Section 1391 (b).

3. Bronson & Migliaccio is a debt collector within the meaning of the FCCPA.

4. The debt attempted to be collected from plaintiff was for a consumer debt.

5. The subject of the alleged debts is primarily for personal, family, or household purposes and thus the plaintiff is a consumer within the meaning of the FCCPA.

6. Bronson & Migliaccio sent, or caused to be sent, form letter(s), copies of which are attached as Exhibits A, B, and C, to this complaint, and made a part hereof as if set out in full.

7. Exhibit C, violated FCCPA in the following particulars

a. Threatened an action which Bronson & Migliaccio did not intend to take.

8. The conduct of Bronson & Migliaccio in the attempted collection of this debt was harassing and abusive to the plaintiff.

9. Bronson & Migliaccio engaged in a pattern of unconscionable behavior in an attempt to collect the debt claimed to be owed by the plaintiff.

10. Bronson & Migliaccio called Mr. Fields business partners' father and disclosed the debt to the father, Apparently, Mr. Fields business partners fathers number was discovered by Bronson & Migliaccio. The caller referred to Mr. Fields as a "dead beat" to the father.

11. Neighbors of Mr. Fields were called, and left messages, that there was a family emergency and to advise Mr. Fields to have him call the number that was left. Mr. Fields recognized the number as being from Bronson & Migliaccio.

4

12. Bronson & Migliaccio called Mr. Fields prior to 8:00 a.m. in the morning.

13. Bronson & Migliaccio call Mr. Fields after 9:00 p.m. in the evening.

14. Bronson & Migliaccio called Mr. Fields at times he advised Bronson & Migliaccio were inconvenient. You did this numerous times, despite being advised by Mr. Fields not to do so.

15. Mr. Fields was threatened by Bronson & Migliaccio with jail for stopping payment on a check.

16. Bronson & Migliaccio called Mr. Fields numerous times after being told not to. This amounted to harassment and abusive conduct.

17. Bronson & Migliaccio threatened to take Mr. Fields to court. This involved a threat to take action Bronson & Migliaccio had no intention of taking.

18. Bronson & Migliaccio misrepresented the amount of the debt.

19. Bronson & Migliaccio advised Mr. Fields if he didn't pay the debt, he could go to jail.

20. Bronson & Migliaccio advised Mr. Fields they were collecting for CACV, Inc.

21. Bronson & Migliaccio attempted to collect interest, fees, charges, and or expenses over and above the original amount claimed to be owed.

22. Bronson & Migliaccio advised Mr. Fields that "Bronson & Migliaccio were going to take him for everything he had, and seventeen big ones".

23. Mr. Fields requested validation of the debt and Bronson & Migliaccio failed to provide it.

24. Bronson & Migliaccio's collection tactics succeeded in getting Mr. Fields to send a check. Bronson & Migliaccio, who used the information on the check to make other unauthorized withdrawals from Mr. Fields's account.

25. Bronson & Migliaccio is a law firm licensed to practice law in the state of New York.

26.. Bronson & Migliaccio is not licensed to practice law in the state of Florida.

27. Bronson & Migliaccio is not licensed to collect debts in the state of Florida.

28. Mr. Fields is entitled to punitive damages.

29. Mr. Fields has suffered monetary losses now, and in the future as a result of the conduct of Bronson & Migliaccio.

30. Mr. Fields has suffered emotional distress, anguish, anger, frustration, fear, loss of enjoyment of life, and concern, as a result of the actions of Bronson & Migliaccio.

31. Mr. Fields has retained the undersigned attorney and agreed to pay him reasonable attorney's fees

32. Mr. Fields is entitled to costs.

33. Mr. Fields in entitled to statutory damages of $500.

Wherefore the plaintiff moves this Honorable Court for judgement for the amount of his actual damages ,punitive damages, costs, attorney's fees, and statutory damages, and other such relief as justice may require, and demands trial by jury.

**COUNT 3**
**CACV Inc.**
**VIOLATION OF THE**
**FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT**

1. This is an action for damages brought by an individual consumer for defendant's violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Section 1692 (FDCPA)

2. Jurisdiction of this court arises because the plaintiff at the time of the violation lived in Lake County, State of Florida, Middle District of Florida, and this court has jurisdiction under 15 U.S.C. Section 1692(k)(d), 18 U.S.C. Section 1337. This court has venue under 28 U.S.C. Section 1391 (b).

3. CACV Inc.,through Bronson & Migliaccio,  is a debt collector within the meaning of the FDCPA.

4.  The debt attempted to be collected from plaintiff was for a consumer debt.

5. The subject of the alleged debts is primarily for personal, family, or household purposes and thus the plaintiff is a consumer within the meaning of the FDCPA.

6. CACV Inc.,through Bronson & Migliaccio, sent, or caused to be sent, form letter(s), copies of which are attached as Exhibits A, B, and C, to this complaint.

7. Exhibit C, violated FDCPA in the following particulars

a. Threatened an action which CACV Inc.,through Bronson & Migliaccio, did not intend to take

8. The conduct of CACV Inc.,through Bronson & Migliaccio, in the attempted collection of this debt was harassing and abusive to the plaintiff.

9. CACV Inc.,through Bronson & Migliaccio, engaged in a pattern of unconscionable behavior in an attempt to collect the debt claimed to be owed by the plaintiff.

10. CACV Inc.,through Bronson & Migliaccio, called Mr. Fields business partners' father and disclosed the debt to the father, Apparently, Mr. Fields business partners fathers number was discovered by Bronson & Migliaccio.  The caller referred to Mr. Fields as a "dead beat" to the father.

11. Neighbors of Mr. Fields were called, and left messages, that there was a family emergency and to advise Mr. Fields to have him call the number that was left.  Mr. Fields recognized the number as being from Bronson & Migliaccio.

12.  CACV Inc.,through Bronson & Migliaccio Inc., called Mr. Fields prior to 8:00 a.m. in the morning.

13. CACV Inc.,through Bronson & Migliaccio Inc., call Mr. Fields after 9:00 p.m. in the evening.

14. CACV Inc.,through Bronson & Migliaccio , called Mr. Fields at times he advised them were inconvenient.  Bronson & Migliaccio did this numerous times, despite being advised by Mr. Fields not to do so.

15. Mr. Fields was threatened by CACV. Inc.,through Bronson & Migliaccio with jail for stopping payment on a check.

16. CACV Inc., through Bronson & Migliaccio called Mr. Fields numerous times after being told not to.  This amounted to harassment and abusive conduct.

17. CACV Inc.,through Bronson & Migliaccio threatened to take Mr. Fields to court. This involved a threat to take action Bronson & Migliaccio had no intention of taking.

18. CACV Inc.,through Bronson & Migliaccio misrepresented  the amount of the debt.

19. CACV Inc. through Bronson & Migliaccio, advised Mr. Fields if he didn't pay the debt, he could go to jail.

20. CACV Inc. through Bronson & Migliaccio, advised Mr. Fields that Bronson & Migliaccio were collecting for CACV Inc.

21. CACV Inc. through Bronson & Migliaccio, attempted to collect interest, fees, charges, and or expenses over and above the original amount claimed to be owed.

22. CACV Inc. through Bronson & Migliaccio advised Mr. Fields that "they were going to take him for everything he had, and seventeen big ones".

23. CACV Inc.'s  through Bronson & Migliaccio's  form violates the FDCPA and/or the FCCPA by failing to properly display the validation of the debt notice.

24. Mr. Fields requested validation of the debt and CACV Inc. through Bronson & Migliaccio failed to provide it.

25. CACV  Inc. through Bronson & Migliaccio's collection tactics succeeded in getting Mr. Fields to send a check. CACV Inc. through Bronson & Migliaccio used information on the check to make other unauthorized withdrawals from Mr. Fields's account.

26. CACV Inc. through Bronson & Migliaccio is a law firm licensed to practice law in the state of New York.

27. CACV Inc. through Bronson & Migliaccio is not licensed to practice law in the state of Florida.

28. CACV Inc. through Bronson & Migliaccio is not licensed to collect debts in the state of Florida.

29. Mr. Fields has suffered monetary losses now, and in the future as a result of the conduct of CACV Inc. through Bronson & Migliaccio.

30. Mr. Fields has suffered emotional distress, anguish, anger, frustration, fear loss of enjoyment of life, and concern, as a result of the actions of CACV Inc. through Bronson & Migliaccio.

31. Mr. Fields has retained the undersigned attorney and agreed to pay him reasonable attorney's fees.

32. Mr. Fields is entitled to costs.

33. Mr. Fields in entitled to statutory damages of $1,000.

Wherefore the plaintiff moves this Honorable Court for judgement for the amount of his actual damages, costs, attorney's fees, and statutory damages, and other such relief as justice may require, and demands trial by jury.

## COUNT 4
## CACV INC.
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

1. This is an action for damages brought by an individual consumer for defendant's violation of the Florida Consumer Collections Practices Act, Chapter 559 (FCCPA).

2. Jurisdiction of this court arises because the plaintiff at the time of the violation lived in Lake County, State of Florida, Middle District of Florida, and this court has jurisdiction under 15 U.S.C. Section 1692(k)(d), 18 U.S.C. Section 1337.  This court has venue under 28 U.S.C. Section 1391 (b).

3. CACV Inc. through Bronson & Migliaccio is a debt collector within the meaning of the FCCPA.

4.  The debt attempted to be collected from plaintiff was for a consumer debt.

5. The subject of the alleged debts is primarily for personal, family, or household purposes and thus the plaintiff is a consumer within the meaning of the FCCPA.

6. CACV Inc.. through Bronson & Migliaccio sent, or caused to be sent, form letter(s), copies of which are attached as Exhibits A, B, and C, to this complaint.

7. Exhibit C, violated FCCPA in the following particulars

a. Threatened an action which CACV Inc. through Bronson & Migliaccio did not intend to take.

8. The conduct of CACV Inc. through Bronson & Migliaccio in the attempted collection of this debt was harassing and abusive to the plaintiff.

9. CACV Inc. through Bronson & Migliaccio engaged in a pattern of unconscionable behavior in an attempt to collect the debt claimed to be owed by the plaintiff.

10. CACV Inc. through Bronson & Migliaccio called Mr. Fields business partners' father and disclosed the debt to the father, Apparently, Mr. Fields business partners fathers number was discovered by CACV Inc. through Bronson & Migliaccio. The caller referred to Mr. Fields as a "dead beat" to the father.

11. Neighbors of Mr. Fields were called, and left messages, that there was a family emergency and to advise Mr. Fields to have him call the number that was left. Mr. Fields recognized the number as being from Bronson & Migliaccio.

12. CACV Inc. through Bronson & Migliaccio called Mr. Fields prior to 8:00 a.m. in the morning.

13. CACV Inc. through Bronson & Migliaccio call Mr. Fields after 9:00 p.m. in the evening.

14. CACV Inc. through Bronson & Migliaccio called Mr. Fields at times he advised you were inconvenient. Bronson & Migliaccio did this numerous times, despite being advised by Mr. Fields not to do so.

15. Mr. Fields was threatened by CACV Inc. through Bronson & Migliaccio with jail for stopping payment on a check.

16. CACV Inc. through Bronson & Migliaccio called Mr. Fields numerous times after being told not to. This amounted to harassment and abusive conduct.

17. CACV Inc. through Bronson & Migliaccio threatened to take Mr. Fields to court. This involved a threat to take action Bronson & Migliaccio had no intention of taking.

18. CACV Inc. through Bronson & Migliaccio misrepresented the amount of the debt.

19. CACV Inc. through Bronson & Migliaccio advised Mr. Fields if he didn't pay the debt, he could go to jail.

20. CACV Inc. through Bronson & Migliaccio advised Mr. Fields they were collecting for CACV Inc.

21. CACV Inc. through Bronson & Migliaccio attempted to collect interest, fees, charges, and or expenses over and above the original amount claimed to be owed.

22. CACV Inc. through Bronson & Migliaccio advised Mr. Fields that "they were going to take him for everything he had, and seventeen big ones".

23. Mr. Fields requested validation of the debt and CACV Inc. through Bronson & Migliaccio

failed to provide it.

24. CACV Inc. through Bronson & Migliaccio's collection tactics succeeded in getting Mr. Fields to send a check.  Bronson & Migliaccio used information on the check to make other unauthorized withdrawals from Mr. Fields's account.

25. CACV Inc. through Bronson & Migliaccio is a law firm licensed to practice law in the state of New York.

26..CACV Inc. through Bronson & Migliaccio is not licensed to practice law in the state of Florida.

27. CACV Inc. through Bronson & Migliaccio is not licensed to collect debts in the state of Florida.

28. Mr. Fields is entitled to punitive damages.

29. Mr. Fields has suffered monetary losses now, and in the future as a result of the conduct of CACV Inc. through Bronson & Migliaccio.

30. Mr. Fields has suffered emotional distress, anguish, anger, frustration, fear, loss of enjoyment of life, and concern, as a result of the actions of CACV Inc. through Bronson & Migliaccio.

31. Mr. Fields has retained the undersigned attorney and agreed to pay him reasonable attorney's fees

32. Mr. Fields is entitled to costs.

33. Mr. Fields in entitled to statutory damages of $500.

Wherefore the plaintiff moves this Honorable Court for judgement for the amount of his actual damages ,punitive damages, costs, attorney's fees, and statutory damages, and other such relief as justice may require, and demands trial by jury.

## COUNT 5
## JOE WILLIAMS
## VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

1. This is an action for damages brought by an individual consumer for defendant's violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Section 1692 (FDCPA)

2. Jurisdiction of this court arises because the plaintiff at the time of the violation lived in Lake County, State of Florida, Middle District of Florida, and this court has jurisdiction under 15 U.S.C. Section 1692(k)(d), 18 U.S.C. Section 1337. This court has venue under 28 U.S.C. Section 1391 (b).

3. Joe Williams  is a debt collector within the meaning of the FDCPA.

4. The debt attempted to be collected from plaintiff was for a consumer debt.

5. The subject of the alleged debts is primarily for personal, family, or household purposes and thus the plaintiff is a consumer within the meaning of the FDCPA.

6. Joe Williams sent, or caused to be sent, form letter(s), copies of which are attached as Exhibits A, B, and C, to this complaint.

7. Exhibit C, violated FDCPA in the following particulars

a. Threatened an action which Joe Williams did not intend to take.

8. The conduct of Joe Williams  in the attempted collection of this debt was harassing and abusive to the plaintiff.

9. Joe Williams engaged in a pattern of unconscionable behavior in an attempt to collect the debt claimed to be owed by the plaintiff.

10. Joe Williams called Mr. Fields business partners' father and disclosed the debt to the father, Apparently, Mr. Fields business partners fathers number was discovered by Joe Williams. The caller referred to Mr. Fields as a "dead beat" to the father.

11. Neighbors of Mr. Fields were called, and left messages, that there was a family emergency and to advise Mr. Fields to have him call the number that was left. Mr. Fields recognized the number as being from Joe Williams.

12. Joe Williams called Mr. Fields prior to 8:00 a.m. in the morning.

13. Joe Williams called  Mr. Fields after 9:00 p.m. in the evening.

12

14. Joe Williams called Mr. Fields at times he advised him were inconvenient. Joe Williams did this numerous times, despite being advised by Mr. Fields not to do so.

15. Mr. Fields was threatened by Joe Williams with jail for stopping payment on a check.

16. Joe Williams called Mr. Fields numerous times after being told not to. This amounted to harassment and abusive conduct.

17. Joe Williams threatened to take Mr. Fields to court. This involved a threat to take action he had no intention of taking.

18. Joe Williams misrepresented the amount of the debt.

19. Joe Williams advised Mr. Fields if he didn't pay the debt, he could go to jail.

20. Joe Williams advised Mr. Fields he was collecting for CACV Inc, through Bronson & Migliaccio.

21. Joe Williams attempted to collect interest, fees, charges, and or expenses over and above the original amount claimed to be owed.

22. Joe Williams advised Mr. Fields that "Bronson & Migliaccio were going to take him for everything he had, and seventeen big ones".

23. Joe Williams' forms violate the FDCPA and/or the FCCPA by failing to properly display the validation of the debt notice.

24. Mr. Fields requested validation of the debt and Joe Williams failed to provide it.

25. Joe Williams' collection tactics succeeded in getting Mr. Fields to send a check. Joe Williams used information on the check to make other unauthorized withdrawals from Mr. Fields's account.

26. Joe Williams is not licensed to collect debts in the state of Florida.

27. Mr. Fields has suffered monetary losses now, and in the future as a result of the conduct of Joe Williams.

30. Mr. Fields has suffered emotional distress, anguish, anger, frustration, fear, loss of enjoyment of life, and concern, as a result of the actions of Joe Williams.

31. Mr. Fields has retained the undersigned attorney and agreed to pay him reasonable attorney's fees.

32. Mr. Fields is entitled to costs.

33. Mr. Fields in entitled to statutory damages of $1,000.

Wherefore the plaintiff moves this Honorable Court for judgement for the amount of his actual damages, costs, attorney's fees, and statutory damages, and other such relief as justice may require, and demands trial by jury.

## COUNT 6
## JOE WILLIAMS.
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

1. This is an action for damages brought by an individual consumer for defendant's violation of the Florida Consumer Collections Practices Act, Chapter 559 (FCCPA).

2. Jurisdiction of this court arises because the plaintiff at the time of the violation lived in Lake County, State of Florida, Middle District of Florida, and this court has jurisdiction under 15 U.S.C. Section 1692(k)(d), 18 U.S.C. Section 1337. This court has venue under 28 U.S.C. Section 1391 (b).

3. Joe Williams is a debt collector within the meaning of the FCCPA.

4. The debt attempted to be collected from plaintiff was for a consumer debt.

5. The subject of the alleged debts is primarily for personal, family, or household purposes and thus the plaintiff is a consumer within the meaning of the FCCPA.

6. Joe Williams sent, or caused to be sent, form letter(s), copies of which are attached as Exhibits A, B, and C, to this complaint.

7. Exhibit C, violated FCCPA in the following particulars

a. Threatened an action which Joe Williams did not intend to take.

8. The conduct of Joe Williams in the attempted collection of this debt was harassing and abusive to the plaintiff.

9. Joe Williams engaged in a pattern of unconscionable behavior in an attempt to collect the debt claimed to be owed by the plaintiff.

14

10. Joe Williams called Mr. Fields business partners' father and disclosed the debt to the father, Apparently, Mr. Fields business partners fathers number was discovered by Joe Williams. . The caller referred to Mr. Fields as a "dead beat" to the father.

11. Neighbors of Mr. Fields were called by Joe Williams, and left messages, that there was a family emergency and to advise Mr. Fields to have him call the number that was left. Mr. Fields recognized the number as being from Bronson & Migliaccio..

12. Joe Williams called Mr. Fields prior to 8:00 a.m. in the morning.

13. Joe Williams call Mr. Fields after 9:00 p.m. in the evening.

14. Joe Williams called Mr. Fields at times he was advised were inconvenient. You did this numerous times, despite being advised by Mr. Fields not to do so.

15. Mr. Fields was threatened by Joe Williams with jail for stopping payment on a check.

16. Joe Williams called Mr. Fields numerous times after being told not to. This amounted to harassment and abusive conduct.

17. Joe Williams threatened to take Mr. Fields to court. This involved a threat to take action he had no intention of taking.

18. Joe Williams misrepresented the amount of the debt.

19. Joe Williams advised Mr. Fields if he didn't pay the debt, he could go to jail.

20. Joe Williams advised Mr. Fields he was collecting for CACV Inc.

21. Joe Williams attempted to collect interest, fees, charges, and or expenses over and above the original amount claimed to be owed.

22. Joe Williams advised Mr. Fields that "they were going to take him for everything he had, and seventeen big ones".

23. Mr. Fields requested validation of the debt and Joe Williams failed to provide it.

24. Joe Williams' collection tactics succeeded in getting Mr. Fields to send a check. Joe Williams used information on the check to make other unauthorized withdrawals from Mr. Fields's account.

25. Joe Williams is not licensed to collect debts in the state of Florida.

26. Mr. Fields is entitled to punitive damages.

27. Mr. Fields has suffered monetary losses now, and in the future as a result of the conduct of Joe Williams.

28. Mr. Fields has suffered emotional distress, anguish, anger, frustration, fear, loss of enjoyment of life, and concern, as a result of the actions of Joe Williams.

31. Mr. Fields has retained the undersigned attorney and agreed to pay him reasonable attorney's fees

32. Mr. Fields is entitled to costs.

33. Mr. Fields in entitled to statutory damages of $500.

Wherefore the plaintiff moves this Honorable Court for judgement for the amount of his actual damages, punitive damages, costs, attorney's fees, and statutory damages, and other such relief as justice may require, and demands trial by jury.

## COUNT 7
## RAY ANDERSON
## VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

1. This is an action for damages brought by an individual consumer for defendant's violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Section 1692 (FDCPA)

2. Jurisdiction of this court arises because the plaintiff at the time of the violation lived in Lake County, State of Florida, Middle District of Florida, and this court has jurisdiction under 15 U.S.C. Section 1692(k)(d), 18 U.S.C. Section 1337. This court has venue under 28 U.S.C. Section 1391 (b).

3. Ray Anderson is a debt collector within the meaning of the FDCPA.

4. The debt attempted to be collected from plaintiff was for a consumer debt.

5. The subject of the alleged debts is primarily for personal, family, or household purposes and

thus the plaintiff is a consumer within the meaning of the FDCPA.

6. Ray Anderson sent, or caused to be sent, form letter(s), copies of which are attached as Exhibits A, B, and C, to this complaint.

7. Exhibit C, violated FDCPA in the following particulars

a. Threatened an action which Ray Anderson did not intend to take.

8. The conduct of Ray Anderson in the attempted collection of this debt was harassing and abusive to the plaintiff.

9. Ray Anderson engaged in a pattern of unconscionable behavior in an attempt to collect the debt claimed to be owed by the plaintiff.

10. Ray Anderson called Mr. Fields business partners' father and disclosed the debt to the father, Apparently, Mr. Fields business partners fathers number was discovered by Ray Anderson. The caller referred to Mr. Fields as a "dead beat" to the father.

11. Neighbors of Mr. Fields were called by Ray Anderson and left messages, that there was a family emergency and to advise Mr. Fields to have him call the number that was left. Mr. Fields recognized the number as being from Bronson & Migliaccio.

12. Ray Anderson called Mr. Fields prior to 8:00 a.m. in the morning.

13. Ray Anderson called Mr. Fields after 9:00 p.m. in the evening.

14. Ray Anderson called Mr. Fields at times he advised him were inconvenient. He did this numerous times, despite being advised by Mr. Fields not to do so.

15. Mr. Fields was threatened by Ray Anderson with jail for stopping payment on a check.

16. Ray Anderson called Mr. Fields numerous times after being told not to. This amounted to harassment and abusive conduct.

17. Ray Anderson threatened to take Mr. Fields to court. This involved a threat to take action he had no intention of taking.

18. Ray Anderson misrepresented the amount of the debt.

19. Ray Anderson advised Mr. Fields if he didn't pay the debt, he could go to jail.

20. Ray Anderson advised Mr. Fields he was collecting for CACV Inc, through Bronson &

Migliaccio.

21. Ray Anderson attempted to collect interest, fees, charges, and or expenses over and above the original amount claimed to be owed.

22. Ray Anderson advised Mr. Fields that "they were going to take him for everything he had, and seventeen big ones".

23. Ray Anderson form violates the FDCPA and/or the FCCPA by failing to properly display the validation of the debt notice.

24. Mr. Fields requested validation of the debt and Ray Anderson failed to provide it.

25. Ray Andersons' collection tactics succeeded in getting Mr. Fields to send a check. Ray Anderson used information on the check to make other unauthorized withdrawals from Mr. Fields's account.

26. Ray Anderson is not licensed to collect debts in the state of Florida.

27. Mr. Fields has suffered monetary losses now, and in the future as a result of the conduct of Ray Anderson.

30. Mr. Fields has suffered emotional distress, anguish, anger, frustration, fear, loss of enjoyment of life, and concern, as a result of the actions of Ray Anderson.

31. Mr. Fields has retained the undersigned attorney and agreed to pay him reasonable attorney's fees.

32. Mr. Fields is entitled to costs.

33. Mr. Fields in entitled to statutory damages of $1,000.

Wherefore the plaintiff moves this Honorable Court for judgement for the amount of his actual damages, costs, attorney's fees, and statutory damages, and other such relief as justice may require, and demands trial by jury.

## COUNT 8
## RAY ANDERSON
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

1. This is an action for damages brought by an individual consumer for defendant's violation

of the Florida Consumer Collections Practices Act, Chapter 559 (FCCPA).

2. Jurisdiction of this court arises because the plaintiff at the time of the violation lived in Lake County, State of Florida, Middle District of Florida, and this court has jurisdiction under 15 U.S.C. Section 1692(k)(d), 18 U.S.C. Section 1337.  This court has venue under 28 U.S.C. Section 1391 (b).

3. Ray Anderson is a debt collector within the meaning of the FCCPA.

4. The debt attempted to be collected from plaintiff was for a consumer debt.

5. The subject of the alleged debts is primarily for personal, family, or household purposes and thus the plaintiff is a consumer within the meaning of the FCCPA.

6. Ray Anderson sent, or caused to be sent, form letter(s), copies of which are attached as Exhibits A, B, and C, to this complaint.

7. Exhibit C, violated FCCPA in the following particulars

a. Threatened an action which Ray Anderson did not intend to take.

8. The conduct of Ray Anderson in the attempted collection of this debt was harassing and abusive to the plaintiff.

9. Ray Anderson engaged in a pattern of unconscionable behavior in an attempt to collect the debt claimed to be owed by the plaintiff.

10. Ray Anderson called Mr. Fields business partners' father and disclosed the debt to the father, Apparently, Mr. Fields business partners fathers number was discovered by Ray Anderson. . The caller referred to Mr. Fields as a "dead beat" to the father.

11. Neighbors of Mr. Fields were called, and left messages, that there was a family emergency and to advise Mr. Fields to have him call the number that was left. Mr. Fields recognized the number as being from Bronson & Migliattio.

12. Ray Anderson called Mr. Fields prior to 8:00 a.m. in the morning.

13. Ray Anderson call Mr. Fields after 9:00 p.m. in the evening.

14. Ray Anderson called Mr. Fields at times he advised him were inconvenient.  He did this numerous times, despite being advised by Mr. Fields not to do so.

15. Mr. Fields was threatened by Ray Anderson with jail for stopping payment on a check.

16. Ray Anderson called Mr. Fields numerous times after being told not to.  This amounted to harassment and abusive conduct.

17. Ray Anderson  threatened to take Mr. Fields to court.  This involved a threat to take action he had no intention of taking.

18. Ray Anderson misrepresented  the amount of the debt.

19. Ray Anderson advised Mr. Fields if he didn't pay the debt, he could go to jail.

20. Ray Anderson advised Mr. Fields Bronson & Migliaccio was collecting for CACV Inc.

21. Ray Anderson attempted to collect interest, fees, charges, and or expenses over and above the original amount claimed to be owed.

22. Ray Anderson  advised Mr. Fields that "you were going to take him for everything he had, and seventeen big ones".

23. Mr. Fields requested validation of the debt and Ray Anderson  failed to provide it.

24. Ray Andersons  collection tactics succeeded in getting Mr. Fields to send a check. Ray Anderson  used information on the check to make other unauthorized withdrawals from Mr. Fields's account.

25. Ray Anderson  is not licensed to collect debts in the state of Florida.

26. Mr. Fields is entitled to punitive damages.

27. Mr. Fields has suffered monetary losses now, and in the future as a result of the conduct of Ray Anderson.

28. Mr. Fields has suffered emotional distress, anguish, anger, frustration, fear, loss of enjoyment of life, and concern, as a result of the actions of Ray Anderson .

31. Mr. Fields has retained the undersigned attorney and agreed to pay him reasonable attorney's fees

32. Mr. Fields is entitled to costs.

33. Mr. Fields in entitled to statutory damages of $500.

Wherefore the plaintiff moves this Honorable Court for judgement for the amount of his actual damages ,punitive damages, costs, attorney's fees, and statutory damages, and other such relief as justice may require, and demands trial by jury.

## COUNT 9
## L. PATRICK BERGMAN
## VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

1. This is an action for damages brought by an individual consumer for defendant's violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Section 1692 (FDCPA)

2. Jurisdiction of this court arises because the plaintiff at the time of the violation lived in Lake County, State of Florida, Middle District of Florida, and this court has jurisdiction under 15 U.S.C. Section 1692(k)(d), 18 U.S.C. Section 1337. This court has venue under 28 U.S.C. Section 1391 (b).

3. L. Patrick Bergman is a debt collector within the meaning of the FDCPA.

4. The debt attempted to be collected from plaintiff was for a consumer debt.

5. The subject of the alleged debts is primarily for personal, family, or household purposes and thus the plaintiff is a consumer within the meaning of the FDCPA.

6. L. Patrick Bergman sent, or caused to be sent, form letter(s), copies of which are attached as Exhibits A, B, and C, to this complaint.

7. Exhibit C, violated FDCPA in the following particulars

a. Threatened an action which L. Patrick Bergman did not intend to take.

8. The conduct of L. Patrick Bergman in the attempted collection of this debt was harassing and abusive to the plaintiff.

9. L. Patrick Bergman engaged in a pattern of unconscionable behavior in an attempt to collect the debt claimed to be owed by the plaintiff.

10. L. Patrick Bergman called Mr. Fields business partners' father and disclosed the debt to the father, Apparently, Mr. Fields business partners fathers number was discovered by L. Patrick

21

Bergman. The caller referred to Mr. Fields as a "dead beat" to the father.

11. Neighbors of Mr. Fields were called by L. Patrick Bergman and left messages, that there was a family emergency and to advise Mr. Fields to have him call the number that was left. Mr. Fields recognized the number as being from Bronson & Migliaccio.

12. L. Patrick Bergman called Mr. Fields prior to 8:00 a.m. in the morning.

13. L. Patrick Bergman called Mr. Fields after 9:00 p.m. in the evening.

14. L. Patrick Bergman called Mr. Fields at times he advised him were inconvenient. He did this numerous times, despite being advised by Mr. Fields not to do so.

15. Mr. Fields was threatened by L. Patrick Bergman with jail for stopping payment on a check.

16. L. Patrick Bergman called Mr. Fields numerous times after being told not to. This amounted to harassment and abusive conduct.

17. L. Patrick Bergman threatened to take Mr. Fields to court. This involved a threat to take action he had no intention of taking.

18. L. Patrick Bergman misrepresented the amount of the debt.

19. L. Patrick Bergman advised Mr. Fields if he didn't pay the debt, he could go to jail.

20. L. Patrick Bergman advised Mr. Fields he was collecting for CACV Inc, through Bronson & Migliaccio.

21. L. Patrick Bergman attempted to collect interest, fees, charges, and or expenses over and above the original amount claimed to be owed.

22. L. Patrick Bergman advised Mr. Fields that "they were going to take him for everything he had, and seventeen big ones".

23. L. Patrick Bergman's form violates the FDCPA and/or the FCCPA by failing to properly display the validation of the debt notice.

24. Mr. Fields requested validation of the debt and L. Patrick Bergman failed to provide it.

25. L. Patrick Bergman's collection tactics succeeded in getting Mr. Fields to send a check. Ray Anderson used information on the check to make other unauthorized withdrawals from Mr. Fields's account.

26. L. Patrick Bergman is not licensed to collect debts in the state of Florida.

27. Mr. Fields has suffered monetary losses now, and in the future as a result of the conduct of L. Patrick Bergman.

30. Mr. Fields has suffered emotional distress, anguish, anger, frustration, fear, loss of enjoyment of life, and concern, as a result of the actions of L. Patrick Bergman.

31. Mr. Fields has retained the undersigned attorney and agreed to pay him reasonable attorney's fees.

32. Mr. Fields is entitled to costs.

33. Mr. Fields in entitled to statutory damages of $1,000.

Wherefore the plaintiff moves this Honorable Court for judgement for the amount of his actual damages, costs, attorney's fees, and statutory damages, and other such relief as justice may require, and demands trial by jury.

## COUNT 10
## L. PATRICK BERGMAN
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

1. This is an action for damages brought by an individual consumer for defendant's violation of the Florida Consumer Collections Practices Act, Chapter 559 (FCCPA).

2. Jurisdiction of this court arises because the plaintiff at the time of the violation lived in Lake County, State of Florida, Middle District of Florida, and this court has jurisdiction under 15 U.S.C. Section 1692(k)(d), 18 U.S.C. Section 1337. This court has venue under 28 U.S.C. Section 1391 (b).

3. L. Patrick Bergman is a debt collector within the meaning of the FCCPA.

4. The debt attempted to be collected from plaintiff was for a consumer debt.

5. The subject of the alleged debts is primarily for personal, family, or household purposes and thus the plaintiff is a consumer within the meaning of the FCCPA.

6. L. Patrick Bergman sent, or caused to be sent, form letter(s), copies of which are attached as Exhibits A, B, and C, to this complaint.

7. Exhibit C, violated FCCPA in the following particulars

a. Threatened an action which L. Patrick Berman did not intend to take.

8. The conduct of L. Patrick Bergman in the attempted collection of this debt was harassing and abusive to the plaintiff.

9. L. Patrick Bergman engaged in a pattern of unconscionable behavior in an attempt to collect the debt claimed to be owed by the plaintiff.

10. L. Patrick Bergman called Mr. Fields business partners' father and disclosed the debt to the . Apparently, Mr. Fields business partners fathers number was discovered by L. Patrick Bergman. The caller referred to Mr. Fields as a "dead beat" to the father.

11. Neighbors of Mr. Fields were called, and left messages, that there was a family emergency and to advise Mr. Fields to have him call the number that was left. Mr. Fields recognized the number as being from Bronson & Migliattio.

12. L. Patrick Bergman called Mr. Fields prior to 8:00 a.m. in the morning.

13. L. Patrick Bergman call Mr. Fields after 9:00 p.m. in the evening.

14. L. Patrick Bergman called Mr. Fields at times he advised him were inconvenient. He did this numerous times, despite being advised by Mr. Fields not to do so.

15. Mr. Fields was threatened by L. Patrick Bergman with jail for stopping payment on a check.

16. L. Patrick Bergman called Mr. Fields numerous times after being told not to. This amounted to harassment and abusive conduct.

17. L. Patrick Bergman threatened to take Mr. Fields to court. This involved a threat to take action he had no intention of taking.

18. L. Patrick Bergman misrepresented the amount of the debt.

19. L. Patrick Bergman advised Mr. Fields if he didn't pay the debt, he could go to jail.

20. L. Patrick Bergman advised Mr. Fields Bronson & Migliaccio was collecting for CACV Inc.

21. L. Patrick Bergman attempted to collect interest, fees, charges, and or expenses over and above the original amount claimed to be owed.

22. L. Patrick Bergman advised Mr. Fields that "you were going to take him for everything he had, and seventeen big ones".

23. Mr. Fields requested validation of the debt and L. Patrick Bergman failed to provide it.

24. L. Patrick Bergman's collection tactics succeeded in getting Mr. Fields to send a check. L. Patrick Bergman used information on the check to make other unauthorized withdrawals from Mr. Fields's account.

25. L. Patrick Bergman is not licensed to collect debts in the state of Florida.

26. Mr. Fields is entitled to punitive damages.

27. Mr. Fields has suffered monetary losses now, and in the future as a result of the conduct of l. Patrick Bergman.

28. Mr. Fields has suffered emotional distress, anguish, anger, frustration, fear, loss of enjoyment of life, and concern, as a result of the actions of L. Patrick Bergman.

31. Mr. Fields has retained the undersigned attorney and agreed to pay him reasonable attorney's fees

32. Mr. Fields is entitled to costs.

33. Mr. Fields in entitled to statutory damages of $500.

Wherefore the plaintiff moves this Honorable Court for judgement for the amount of his actual damages ,punitive damages, costs, attorney's fees, and statutory damages, and other such relief as justice may require, and demands trial by jury.

## COUNT 11
## CONSPIRACY COUNT
## BRONSON & MIGLIACCIO AND CACV INC.'S
## CONSPIRACY TO VIOLATE
## THE FEDERAL FAIR DEBT COLLECTIONS ACT
## AND
## THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

COMES NOW, the plaintiff, by and through his undersigned attorney, and alleges as follows:

1. The Plaintiff re alledges each and every paragraph contained in counts 1 through 8, as if set out in full.

2. That at all times material to this lawsuit from a date unknown, but at least by December 4, 2001, and continuing to the present date, in Lake County, Florida, and elsewhere in th Middle District of Florida, Bronson & Migliaccio and CACV Inc., did unlawfully combine, confederate, and agree with each other, and with other individuals and entities, both known and unknown, to violate the Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act, in an attempt to collect a debt allegedly owed by the plaintiff, by the manner and means described in counts 1 through 8 above.

_____
Read, agreed, understood, and
verified as true
William R. Fields

Frederick W. Vollrath
Attorney for Plaintiff
William R. Fields
Post Office Box 18942
Tampa, Florida, 33679
813-335-4379
813-2667-9073 (Pager)
FBN: 165-812
E-mail
Fredvollrath@aol.com